**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:11-60033-cr-COOKE/BANDSTRA**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**RACHAEL BASS, et.al.,**

    **Defendant.**
_____//

## MOTION TO JOIN IN CO-DEFENDANT FLOWERS' MOTION TO EXCLUDE

Defendant, Rachael Bass, by and through undersigned counsel, hereby moves to adopt  the motion to exclude filed by co-defendant Jerimiah Flowers, but not that portion of the motion which requests a continuance of trial as alternative relief and says:

Trial in this case currently is scheduled to begin on January 30, 2012, with a calendar call on January 25, 2012.   In its Order Granting in Part and Denying in Part the government's Motion for Handwriting Exemplars [D.E. 251] the Court stated "...no continuance of this trial shall be granted."

On January 20, 2012,  co-defendant Jeriamiah Flowers filed a motion asking that this Court exclude government evidence and witnesses at the trial, or in the alternative that the Court grant another continuance. [D.E. 264].  Flowers' motion accurately and succinctly relates the government's failure to provide timely discovery in this case, and makes a compelling argument why, as a result of the government's noncompliance with Rule 16 and this Court's prior orders regarding discovery,  Flowers and his counsel cannot be prepared to try this case on January 30, 2012.  These facts and grounds apply equally to defendant

Page 2

Rachael Bass, which is why Bass is moving to join in Flowers' motion to exclude the government's witnesses and evidence.

Bass is not moving to join in Flowers motion for continuance for two reasons.  First, there is this Court's prior order which indicates that no further continuance will be granted by the court.  Second, Bass would advise this Court that she had been involved in extensive plea negotiations with the government and believes, in good faith, that it would be disingenuous to request a continuance of the trial when it is likely that this case will be resolved without a trial.

Though the parties have been negotiating in good faith and counsel for Bass believes that a non-trial resolution of her case is likely, at this point in time the parties have not resolved all of the outstanding issues and have not entered into a written plea agreement.  Until one has been finalized, counsel cannot represent that this case will resolve without a trial.

In light of the posture of this case and this Court's prior order, counsel is joining in that part of Flowers' motion which seeks trial sanctions against the government for its noncompliance with Rule 16 and the prior orders of this Court.  Rule 16(d), Federal Rules of Criminal Procedure, authorizes the Court to regulate discovery in various ways, including the exclusion of "undisclosed evidence" any "other order that is just under the circumstances".  Here, the provisions of Rule 16(d) should be applied as necessary to limit the government's evidence at trial to evidence which has properly been disclosed in a timely manner.

Having only received the electronic discovery in this case, with the Court's assistance, consisting of some 750,000 images,[1] commencing on November 30th 2011, it is Bass' position that all of this evidence is "undisclosed" within the meaning of Rule 16(d)(2) and should be excluded from evidence at the trial presently scheduled. The Court will recall the extended process[2] which, during the Status conference held on October 7th 2011, caused the Court to order the government to provide an affordable copy of the discovery documents. However, receipt of the discovery was only a necessary first step in the process of preparing for trial.

Obviously, not every image must or will be individually studied in order to prepare for trial. However, in the format in which the electronic discovery has been provided, it is not searchable. Not being searchable, Bass has no way of even discerning what is and is not important to her defense except by going through the images one at a time. It will take a minimum of six months for counsel and Ms. Bass just to complete the most basic task of a cursory review of the documents. Assuming that the defense is able to devote every day for six months – 80 days without exception – to the review process, over 4000 images a day would have to be reviewed or accounted for in order to make sure that all key documents are found. This is completely impractical and will actually take much longer.

---

[1]We believe this number, 750,000, is more accurate than the 600,000 figure stated by the government in paragraph 1 of its Initial Response to the Standing Discovery Order. [D.E. 107]

[2]Bass was arraigned and the Court's Standing Discovery Order was entered on April 1, 2011. [*See* D.E. 79 and 82]. Government discovery has been a recurrent topic at each of the status conferences held in the case.

Page 4

Since the documents were not provided to the defense in a timely manner so as to permit counsel to review the documents prior to a trial commencing now, all such documents should be excluded from evidence.

Additionally, approximately 535 electronic discovery files were missing from the hard drive provided by the government through its private vendor IKON. These are all files described in the government's discovery responses and are particularly germane to Bass. Specifically, missing are the documents bearing "RBH" Bates numbers which are the documents seized from Bass' home. Bass' counsel has been working with the government to obtain the missing documents.  The government provided a disk supposedly containing these files last week.[3] Documents which were not provided to the defense attorneys until the last minute, to late to be effectively reviewed, should not be admitted into evidence at the trial.

On December 15, 2011, this Court entered an order on co-defendant Flowers requests for disclosures [D.E.226] stating that the government was required to disclose Expert Witness Summaries within 30 days of the date of the Order. [D.E. 233].  As of this date, the government has not provided the defense with any expert witness summaries. Therefore, the government should be prohibited from calling any expert witnesses to testify at the trial.

In the government's initial response to the standing discovery order [D.E. 91], the government stated:

_____

[3]A review of the Bates numbers contained in indexes provided by the government indicates that the "RBH" documents add another 20,000 or so images to the discovery.

There are voluminous prescription records, patient records, pharmacy records, telephone records, bank records, wire-transfer records, title records, and other documents which the government intends to introduce in summary fashion pursuant to Rule 1006 of the *Fed. R. Evid.* The defendant will be permitted to view summary charts the government intends to introduce at trial as evidence and the remaining underlying documents used to prepare the summary charts when they are completed at an appropriate time prior to trial. Upon notification that the summary charts have been completed, please schedule time to review the summary charts with this office.

As of this date, the government has not provided the defense with any such summary charts. Accordingly, the government should be prohibited from introducing any summaries under Fed.R.Evid. 1006.

The certificate filed by Flowers counsel pursuant to Local Rules 7.1 and 88.9 states that the government does not oppose Flowers request for a continuance, but does oppose the exclusion of evidence. Since Bass is asking only for the exclusion of evidence, counsel believes that the government opposes this relief.

WHEREFORE, Bass requests that this Court exclude the government's witnesses and evidence based upon noncompliance with Rule 16 and this Court's discovery orders as outlined in this motion.

Respectfully submitted,

**SHOHAT, LOEWY & SHOHAT**
Attorneys for Defendant BASS
800 Brickell Avenue
Penthouse Two
Miami, FL  33131-2911
Telephone: 305-358-7000
Facsimile:  305-358-4010
E-mail: ed@slsdefense.com
            /s/ Edward R. Shohat
By:_____
    **EDWARD R. SHOHAT, # 152634**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on January 23, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Brent Tantillo
United States Attorney's Office
500 E Broward Blvd
7th Floor
Fort Lauderdale, FL 33394
brent.tantillo@gmail.com

Scott Behnke
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-3002
scott.behnke@usdoj.gov

Roger W Powell
United States Attorneys office
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
roger.powell@usdoj.gov

/s/ Edward R. Shohat
_____
**EDWARD R. SHOHAT, ESQ.**

**SHOHAT, LOEWY & SHOHAT** – PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2911